UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY ALLEN McELHANEY,

        Petitioner,         Case No. 1:06-cv-900

v.        Honorable Gordon J. Quist

KENNETH McKEE,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to state a cognizable federal claim.

**Discussion**

  I.  Factual allegations

Petitioner is presently incarcerated at the Bellamy Creek Correctional Facility. In 1993, Petitioner was convicted by an Ionia County jury on three counts of first-degree criminal sexual conduct against an individual under the age of thirteen, MICH. COMP. LAWS § 750.520b(1)(a). On March 8, 1993, the trial court sentenced Petitioner to thirty to sixty years on each count, to be served concurrently.

Petitioner appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court, which affirmed his convictions on January 30, 1996 and January 29, 1997, respectively. Petitioner moved the trial court for relief from judgment under Michigan Court Rule 6.500 *et seq.*; the motion was denied on July 25, 1997. In 1998, the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal the trial court's July 25, 1997 order.

Sometime in 2004 or 2005, Petitioner filed a "Motion for a New Trial" under MICH. COMP. LAWS § 770.16(7) in the Ionia County Circuit Court. MICH. COMP. LAWS § 770.16 enables an inmate convicted prior to January 8, 2001, to petition the trial court to order DNA testing of biological material identified during the investigation that led to the inmate's conviction; and to request a new trial based on the results of that testing, if the movant demonstrates that: (a) the evidence sought to be tested is material to the issue of the movant's identity as the perpetrator or the accomplice in the crime of which he was convicted; and (b) a sample of biological material is available for testing, was not previously subjected to DNA testing or, if previously tested, will be subject to DNA testing that was not available when the movant was convicted, and (c) the identity of the movant as the perpetrator of the crime was at issue at trial. *See* MICH. COMP. LAWS

§§ 770.16(1), (3). In his motion, Petitioner apparently argued that a sample of seminal fluid collected from the scene of the sexual assault and subjected to DNA testing in 1992, which excluded Petitioner as a donor, should be subjected to DNA testing that was unavailable in 1992. (Pet. at 7-8.)[1] In a July 12, 2005 opinion and order, the trial court denied Petitioner's motion, finding that MICH. COMP. LAWS § 770.16(7) did not apply to Petitioner's case. (Pet. Attach. A.) The court further noted that "[t]he evidence was tested for blood and DNA identification. A jury considered all of the evidence and convicted the [Petitioner]." *Id.*

On December 9, 2005, the Michigan Court of Appeals denied leave to appeal the trial court's ruling for lack of jurisdiction, deeming Petitioner's "Motion for a New Trial" an unappealable successive motion for relief from judgment under MICH. CT. R. 6.500 *et seq*. (*See* Mich. Ct. App. No. 265543, #13 (citing MICH. CT. R. 6.502(G)(1))). The court of appeals later denied Petitioner's motion for reconsideration because MICH. COMP. LAWS § 770.16(7) did not apply to Petitioner's case, given that he neither moved for, nor was granted, DNA testing of biological material under MICH. COMP. LAWS §§ 770.16(2) and (3). (*See* Mich. Ct. App. No. 265543, #18). The court of appeals further noted that "[Petitioner] even before trial had the evidence that he now asserts justifies a new trial" and "[i]n fact . . . used this evidence to argue that the verdict was against the great weight of the evidence in [his] application for leave to appeal [on

---

[1] It is not clear why Petitioner moved the trial court under MICH. COMP. LAWS § 770.16(7). That subsection provides that, once the DNA testing has been conducted at the inmate's request under subsection 16(3), and the results of the tests indicate that the inmate-movant is not the source of the biological material, the court shall appoint counsel and hold a hearing to determine whether, *inter alia*, the movant's purported exclusion as the source of the biological material justifies the grant of a new trial. *See* MICH. COMP. LAWS § 770.16(7)(a)-(c). Subsection 16(7) does not appear to apply to Petitioner's case because the trial court never ordered DNA testing when Petitioner requested it. (*See* Pet. Attach. A).

It is further unclear why Petitioner requested DNA testing of the seminal fluid under MICH. COMP. LAWS § 770.16 at all, given that the material was subjected to DNA testing at the time of Petitioner's trial, and excluded him as a donor. (*See* Pet. at 7-8, Attach. D at 2).

direct appeal]." (*See* Mich. Ct. App. No. 265543, #18).  On July 31, 2006, the Michigan Supreme Court denied leave based on MICH. CT. R. 6.502(G).  (*See* Mich. No. 130740, #25).

In his *pro se* application for habeas relief, Petitioner raises one ground, set forth verbatim:

> PETITIONER WAS DENIED DUE PROCESS OF LAW UNDER THE FIFTH & FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION WHEN THE STATE COURTS FAILED TO FOLLOW THE PROCEDURES OF MCL 770.16, & DISMISSED HIS CLAIMS IN DIRECT VIOLATION OF 770.16.

(Pet. at 7).  I note that Petitioner previously filed a petition for habeas corpus in this Court in 2000, which was ultimately denied on the merits.  *See McElhaney v. Berghuis*, No. 5:00-cv-60 (W.D. Mich. June 19, 2003).  Petitioner never raised his Section 770.16 claim in his previous petition. Regardless of whether Petitioner's application is second or successive, I recommend that it be dismissed because it fails to state a federal constitutional claim cognizable in a habeas corpus action.

II.     Standard of review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001), cert. denied, *Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:   "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655.  This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 944 (6th Cir. 2000).  Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final."  *Onifer v. Tyszkiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply.  *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 405-07); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).  Applying the foregoing standards under the AEDPA, I recommend that Petitioner is not entitled to relief.

III.     Failure to state a cognizable federal claim

The state court's denial of Petitioner's request for DNA testing under MICH. COMP LAWS § 770.16 is not a basis for habeas relief.  First, the issue Petitioner raises is one of state, not federal, law.  A "state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 126 S. Ct. 602, 604 (2005) (citations omitted).  *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law") (citations omitted).  When assessing a habeas petition, this Court "must defer to a state court's interpretation of its own rules of evidence and procedure."  *See Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005).

Second, the issue Petitioner raises does not pertain to his underlying conviction, as is required for habeas review.  *See Estelle*, 502 U.S. at 68.  Rather, the state court's refusal to grant Petitioner post-conviction DNA testing pertains to a collateral state post-conviction procedure, not directly to the fact or duration of a defendant's custody.  Even if the ultimate goal is release from confinement, the specific issue before the court is not related to that.  "Therefore, even if [the petitioner] can demonstrate that some error occurred during the state post-conviction proceedings, the claim is not cognizable on federal habeas review."  *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002).

Finally, there is "no general constitutional right to post-judgment DNA testing."  *Alley v. Key*, No. 06-5552, 2006 WL 1313364, at *1 (6th Cir. May 14, 2006), *cert. denied*, 126 S. Ct. 2973 (2006).  For these reasons, Petitioner is not entitled to habeas relief based on the state courts' refusal to grant his post-conviction request for DNA testing.  *See e.g. DeJesus v. Lafler,* No. 04-CV-71553-DT, 2006 WL 3759911, at *12 (E.D. Mich. Dec. 20, 2006) (denying habeas relief to

Michigan prisoner alleging state court improperly denied his post-conviction motion for DNA testing under MICH. COMP. LAWS § 770.16).

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it does not state a cognizable federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  January 22, 2007                           /s/ Hugh W. Brenneman, Jr.
                                                   Hugh W. Brenneman, Jr.
                                                   United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).