UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANDY ALLEN McELHANEY,

    Petitioner,

v.                                                                                          Case No. 1:06-CV-900

KENNETH McKEE,                                                              HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated January 22, 2007, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be summarily dismissed pursuant to Rule 4 because the petition fails to state a cognizable federal habeas claim. The magistrate judge further recommended that a certificate of appealability be denied. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The magistrate judge concluded that Petitioner failed to raise a cognizable federal claim because the state court's denial of Petitioner's request for DNA testing pursuant to M.C.L.A. § 770.16 does not give rise to a federal habeas claim. In particular, the magistrate judge noted that a state court's interpretation of state law is binding on a federal court. He also noted that the issue that Petitioner raises does not relate to his underlying conviction, as is required by habeas review. Finally, he noted that there is no general constitutional right to post-judgment DNA testing.

In his objections, Petitioner states that, among other things, the magistrate erred in concluding that Petitioner failed to state a cognizable federal claim because the state court's failure to order

DNA testing denied Petitioner due process under the Fifth and Fourteenth Amendments. Petitioner states that the state statute, M.C.L.A. § 770.16, uses mandatory language which required the state court to order DNA testing and all of the procedural protections incident to such testing.

Nothing in Petitioner's objections persuades this Court the that magistrate judge erred in concluding that Petitioner has failed to state a cognizable federal claim. The Michigan Court of Appeals determined that Petitioner, in fact, had DNA evidence, which excluded him as the donor, at the time of his trial and was able to use that evidence in arguing that the verdict was against the great weight of the evidence. Thus, the court of appeals had ample reason to deny petitioner's appeal on the basis of the statute. Moreover, Petitioner has failed to cite any authority to support his claim that he was entitled to a specific outcome under the statute, such that his due process rights were violated. Accordingly, Petitioner's objections are without merit.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 22, 2007 (docket no. 2) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED** pursuant to Rule 4 because Petitioner has failed to state a cognizable federal habeas claim.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: March 16, 2007                             /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE